**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv–604-RJC
(3:09-cr-153-RJC-2)**

| | |
|---|---|
| WILFREDO ANDUJAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1); the Government's Motion to Dismiss, (Doc. No. 7); and Petitioner's Response, (Doc. No. 9). For the reasons that follow, Petitioner's Section 2255 motion will be denied and dismissed.

**I. BACKGROUND**

On August 18, 2009, Petitioner was indicted by the grand jury sitting in the Western District on one count of conspiracy to distribute and to possess with intent to distribute at least one kilogram of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (3:09-cr-153, Doc. No. 29). The Government filed Informations pursuant to 21 U.S.C. § 851 listing two prior Illinois convictions for possession of more than 15-grams of heroin. (Id., Doc. Nos. 32, 52). Thus, Petitioner was exposed to a mandatory life sentence upon conviction. 21 U.S.C. § 841(b)(1)(A).

Petitioner entered a plea agreement wherein he admitted his prior convictions were valid predicate felony drug offenses and acknowledged the applicable mandatory life sentence. (Id.,

1

Doc. No. 71 at ¶ 4). However, the Government agreed to withdraw one prior conviction, reducing Petitioner's exposure to a mandatory minimum sentence of twenty years, if Petitioner fully complied with the terms of the Plea Agreement. (Id.). Petitioner's guilty plea was accepted by a magistrate judge on November 23, 2009, based on a finding that it was knowing and voluntary. (Id., Doc. No. 72: Acceptance and Entry of Guilty Plea at 5). On December 6, 2010, the Government moved to withdraw one of the prior convictions listed in the § 851 notice. (Id., Doc No. 116). The Court granted the motion and sentenced Petitioner to the mandatory 240 months' imprisonment and later entered its Judgment on December 28, 2010. (Id., Doc. No. 117 at 1-2).

Petitioner did not directly appeal, but rather timely filed the instant § 2255 motion contending his counsel was ineffective for failing to challenge the prior felony drug conviction based on the Supreme Court's June 14, 2010, decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577, and the United States Court of Appeals for the Fourth Circuit's August 17, 2011, decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (Doc. No. 1 at 4-5). The Government moved to dismiss the motion on the basis that counsel acted according to controlling law, (Doc. No. 7), and Petitioner responded, (Doc. No. 9). The matter is now ripe for decision.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes

that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner argues that his counsel was ineffective for failing to challenge the use of a prior Illinois drug offense to increase the mandatory minimum sentence and for advising him to enter the Plea Agreement waiving his right to appeal the resulting sentence. (Doc. No. 1: Motion at 4-5).

In order to establish a claim for ineffective assistance of counsel, the burden is on the petitioner to demonstrate that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there exists a "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Id. at 689. A petitioner raising this claim of ineffective assistance bears a "heavy burden" to overcome this presumption. See Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations are insufficient to overcome the presumption of competency. Id. A petitioner must demonstrate not only "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," but also that "the result of the proceeding was fundamentally unfair or unreliable." Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Strickland, 466 U.S. at 694 and Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Finally, counsel is not "ineffective for following controlling circuit law at the time" the legal advice is provided. United States v. McNamara, 74 F.3d 514, 515 (4th Cir. 1996).

Petitioner incorrectly notes in his motion that he was sentenced on December 5, 2011. (Doc. No. 1 at 1). The date is important because Petitioner was actually sentenced on December 6, 2010, (3:05-cr-253, Doc. No. 117: Judgment at 1), eight months before the Fourth Circuit filed its en banc decision in Simmons on August 17, 2011. Therefore, counsel cannot be considered ineffective for failing to advise Petitioner according to a case that had not yet been decided. Additionally, Simmons was based on the "unique statutory regime mandated by the North Carolina Structured Sentencing Act," 649 F.3d at 240; thus, it does not purport to speak to the Illinois state law at issue in this case.

The Supreme Court had decided Carachuri before the sentencing date. However, Petitioner has not shown that the result in that case affects his own. In Carachuri, the Court

> held that the question of whether a prior conviction is an "aggravated felony" as used in the Immigration and Nationality Act ("INA") must be resolved by looking at the offense for which the defendant was actually convicted, not the offense for which he could have been convicted in light of his conduct.

United States v. Powell, 691 F.3d 554, 555 (4th Cir. 2012). Looking at the offense for which Petitioner was actually convicted, the Government notes in its Motion to Dismiss that the Class 4 felony was punishable by not less than one year and not more than three years. (Doc. No. 7 at 5 citing 730 Ill. Comp. Stat. 5/5-4.5-45(a). Petitioner has yet to apply Carachuri to the sentencing scheme in place in Illinois at the time of his prior conviction to establish that his prior drug conviction was not a "felony." Therefore, he has failed to carry his burden to show counsel's actions were constitutionally ineffective in failing to challenge the prior conviction and advising Petitioner to enter the Plea Agreement.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DENIED** and **DISMISSED**. (Doc. No. 1).

2. Respondent's Motion to Dismiss Petitioner's Section 2255 motion is **GRANTED**. (Doc. No. 7).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: March 22, 2013

Robert J. Conrad, Jr.
Chief United States District Judge